PIERCE, Judge.
This is a direct appeal by appellant Daniel Benitez to review a judgment of *522 conviction and sentence to the State Prison pursuant to a jury verdict finding Benitez guilty of assault with intent to commit armed robbery. The local Public Defender was duly appointed to represent Benitez on the appeal.
In due course, Hon. John M. Gilbert, of the Public Defender’s office, filed a brief here wherein he stated that he had “read and re-read” the entire record in the cause; that he had “thoroughly discussed” the case with the trial attorney for Benitez; that he had concluded there was “a total absence of any justifiable issue which could be presented on appeal”; and that he could not “honestly and conscientiously argue the Assignments of Error” theretofore filed in the cause by Benitez. Mr. Gilbert thereupon moved this Court to allow him to withdraw as counsel of record for Benitez on the appeal. Mr. Gilbert also, on June 17, 1970, filed in this Court a certificate showing that a true copy of his said brief on behalf of Benitez had been furnished to Benitez at the Florida State Prison. Attached to said certificate was a return receipt signed by Benitez establishing that copy of said brief was received by him on June 12, 1970.
Thereupon, on June 18, 1970, this Court entered order reciting the service of copy of said brief, and allowing Benitez thirty days therefrom to “file an additional brief calling the Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause”, in accordance with a procedural formula indicated by the U. S. Supreme Court in Anders v. State of California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
Benitez then filed here a “Response” wherein he moved this Court for an order appointing substitute counsel to represent him on this appeal, which motion was denied by this Court on July 2, 1970. Thereafter, on July 30, 1970, Benitez filed here an additional motion, wherein he asked to “be granted leave to proceed in Pro Se” and to “remand this cause back to dle lower Court in order that” his constitutional rights be restored”. The Court herewith denies the latter motion as being unauthorized and unwarranted.
The thirty days period has long expired since this Court’s order of June 18, 1970 aforesaid. We have examined the record in this cause and fail to find any reversible error therein. It appears that Benitez received a fair trial.
The judgment and sentence appealed is therefore
Affirmed.
LILES, A. C. J., and McNULTY, J., concur.